LAGESEN, J.
*355 This is a consolidated appeal of two judgments of conviction for multiple counts of violation of a court's stalking protective order (SPO), ORS 163.750. In case number A160387, defendant was convicted in a bench trial of two counts of violating a court's SPO. In that case, defendant assigns error to the trial court's denial of his motion for judgment of acquittal on the count in which defendant was charged with "unlawfully and recklessly coming within 25 feet" of the Coliseum Theater in Tillamook (Count 2), in violation of the SPO to which defendant was subject. He also assigns error to the trial court's imposition of supervision fees in connection with his sentence on Count 1, arguing that the court erred in imposing the fees after it found that defendant had no ability to pay fees. In case number A160386, defendant was convicted in a bench trial of one count of violating the SPO, and acquitted on the remaining count. In that case, he again assigns error to the trial court's imposition of supervision fees. We conclude that there is insufficient evidence to support defendant's conviction on Count 2 in the first case (case number A160387) and therefore reverse the conviction on that count and remand for entry of judgment of acquittal on that count. And, accepting a concession of error by the state, we also reverse the trial court's imposition of supervision fees in both matters.
By way of background, defendant is subject to an SPO that generally prohibits him *1000 from being within 25 feet of the Tillamook Coliseum Theater, although defendant lives in an apartment above an antique store that is in the same block as the theater and is permitted under the terms of the SPO to be within 25 feet of the theater for the purpose of using the staircase to access his residence. The conviction at issue in this appeal arose from defendant's act of parking his car on the street in front of the antique store, and near the theater, following a trip to the grocery store with another person, Sims. One of the theater owners contacted police after noticing the parked car, which she knew belonged to defendant. The state charged defendant with violating the SPO on the theory that defendant's car was within 25 feet of the theater. *356 At trial, the state's case lacked any direct evidence of the distance between the theater and defendant's car and lacked any direct evidence that defendant personally had been within 25 feet of the theater. The theater owner testified that she had not seen defendant drive and park the car. The officer who investigated the matter testified that defendant did not go within 25 feet of the theater in the officer's presence. The officer also testified that he did not measure the distance between the theater and defendant's car. Instead, using a rolling tape measure, he measured out a 25-foot-long line "directly down the sidewalk" from the property line of the theatre in the direction of defendant's car. That line ran parallel to defendant's parked car; the officer estimated that it was about 10 feet from defendant's car. The line's endpoint, which the officer marked on the sidewalk and photographed, appeared to the officer to be about six inches behind defendant's front tires. Described differently, according to the officer's estimates, a 10-foot-long perpendicular line through the endpoint of the 25-foot line measured by the officer would intersect defendant's car at a point approximately six inches behind the front passenger tire.
Following the state's case, defendant moved for a judgment of acquittal, arguing that there was insufficient evidence to support a finding that defendant was within 25 feet of the theater. The court denied the motion and ultimately found defendant guilty of being within 25 feet of the theater. The court reasoned that defendant would have been within 25 feet of the theater if he had either walked in front of his car or if he had walked around the back side and then helped Sims out of the car. The court further reasoned that it "defies common sense" to think that defendant had walked the way that he needed to walk to avoid violating the restraining order, although the court acknowledged that defendant could have walked from his vehicle in a way that did not bring him within 25 feet of the theater.
On appeal, defendant assigns error to the trial court's denial of his motion for a judgment of acquittal. He reiterates his argument that the evidence is insufficient to support a finding that either he or his car was within 25 feet of the theater. The state responds that the officer's testimony *357 regarding his measurement process would permit an inference that defendant's car was parked within 25 feet of the theater. Alternatively, the state argues that the evidence is sufficient to support an inference, as the trial court found, that, after defendant got out of his car, he at some point walked in a way that put him within 25 feet of the theater.
"[W]e review the denial of a motion for judgment of acquittal for legal error, viewing the evidence in the light most favorable to the state to determine whether any rational trier of fact could have found the elements of the crimes beyond a reasonable doubt." State v. Rivera-Ortiz , 288 Or.App. 284, 285, 406 P.3d 96 (2017). Applying that standard here, we conclude that the evidence is insufficient to support defendant's conviction because it is insufficient to support a finding that either defendant or his car was within 25 feet of the theater.
Before we address the evidence, the nature of defendant's alleged violation bears some emphasis. The SPO prohibited defendant from being within 25 feet of the theater. If defendant remained only slightly more than 25 feet away from the theater, he did not violate the SPO. Under those circumstances, it was incumbent upon the state to demonstrate with precision that defendant crossed that 25-foot line; it is not good enough to *1001 demonstrate that he came close to the line. Close to the line is not a crime; at or over the line is.
Turning to the evidence, the trial court found that defendant violated the SPO by inferring that defendant must have walked around the car in a way that brought him within 25 feet of the theater. But that inference is entirely speculative on this record. The state presented no evidence about what path defendant took when he got out of his car, and, as the trial court recognized, there are paths that defendant could have taken that would not have brought him within 25 feet of the theater in a way that violated the restraining order.[1] Although the trial court thought that it would "def[y] common sense" for defendant to walk in a way *358 that did not come within 25 feet of the theater, the record indicates otherwise. That is, if defendant simply walked around the back of the car rather than the front of the car, he would not be within 25 feet of the theater. It would be just a guess to say what pathway defendant took from his car, and whether that pathway crossed within 25 feet of the theater. For that reason, the record is insufficient to permit a rational factfinder to find that defendant himself walked within 25 feet of the theater in violation of the SPO.
The state nonetheless urges us to affirm on the alternative ground that the evidence would support a finding that defendant's car was parked within 25 feet of the theater. The state argues that the "vehicle one is driving *** is an extension or part of one's person" such that the car's presence within 25 feet of the theater constitutes a violation of the SPO.
We accept, for the sake of argument, the state's premise that defendant's car is an extension of defendant's person, when defendant is in the car. The trial court, however, does not appear to have made the finding that the car itself was within 25 feet of the theater, which means that the trial court may not have been persuaded of that fact. As defendant argued in closing, an application of the Pythagorean Theorem using the officer's measurement and estimate tended to show that the car was more than 25 feet from the theater.[2] Regardless, the evidence presented by the state is also insufficient to permit a nonspeculative finding that the car itself was within 25 feet of the theater.
It would have been simple for the state to prove that the car was within 25 feet of the theater, if, in fact, it was. Evidence of direct measurements to the car-or even to a *359 point within the marked parking space in which the car was parked-may very well have sufficed.[3] But, instead of measuring to the car, the officer measured to a different point on the sidewalk, and then estimated that point's distance and position relative to the car. To be sure, that information, along with the Pythagorean Theorem, might allow for an educated guess that some portion of the front end of the car was within 25 feet of the theater. But, as other appellate courts have recognized, an educated guess based only on estimates and the Pythagorean Theorem is too speculative to support a rational inference of a specific distance.[4] *1002 It is worth emphasizing again that, if defendant's car was only slightly more than 25 feet away from the theater, he was not in violation of the SPO. Here, as defendant's closing argument computations indicate, the one precise measurement that the officer did make, when considered using the officer's other estimates and the Pythagorean Theorem, shows that it is a close call whether any part of defendant's car was within 25 feet of the theater. Such *360 circumstances demand evidence of careful measurements, not eyeball estimates, to prove distance, particularly when the factfinder's determination of distance will require use of the Pythagorean Theorem or other mathematical formula because of the absence of evidence of direct measurements of distance. Because the state did not supply such evidence, the trial court therefore should have granted defendant's motion for a judgment of acquittal on Count 2 in case number A160387, and we reverse and remand for entry of a judgment of acquittal on that count.
In his two remaining assignments of error, which are unpreserved, defendant challenges the court's imposition of supervision fees. The state concedes that the imposition of those fees appears to be erroneous, given the court's explicit finding that defendant lacks the ability to pay financial obligations. See ORS 423.570(1), (6) (a person sentenced to supervised probation must pay a monthly fee except in cases of financial hardship); ORS 137.540(1)(a) (a person is excused from paying supervision fees if condition of probation is "specifically deleted by the court"). We accept the state's concession and exercise our discretion to correct the error because of the burden on defendant of having to pay financial obligations that the trial court has found that defendant lacks the ability to pay.
In A160386, order to pay supervision fees reversed; otherwise affirmed. In A160387, judgment of conviction on Count 2 reversed; order to pay supervision fees on Count 1 reversed; otherwise affirmed.

As noted, defendant was permitted to be within 25 feet of the theater for the purpose of using the stairwell access to his apartment.

Relying on the officer's testimony that he had measured a 25-foot line straight along the sidewalk that the officer estimated to be about 10 feet from the car, defendant used the Pythagorean Theorem to compute that the direct distance from the theater to a point on the car six inches behind the car's passenger side front tire was 26.9 feet. Pointing out that that computation was based on a mere estimate of the distance between the line that the officer marked on the sidewalk and the car, defendant urged that the computation, which suggested that that particular part of the car was more than 25 feet away from the theater, gave rise to reasonable doubt as to whether the car was parked within 25 feet of the theater.

The investigating officer photographed defendant's parked car, and the state introduced those photographs into evidence. Those photographs show that the car was positioned in a marked parking space. Had the state also presented evidence that the distance from the theater to a point in the marked parking space that necessarily would have been covered by the car was 25 feet or less, a factfinder could infer that defendant's car was within 25 feet of the theater.

See State v. Wisowaty , 200 Vt. 24, 31, 128 A.3d 876, 881-82 (2015) (concluding that information was too speculative to draw rational inference of distance using the Pythagorean Theorem; noting that "[o]ther courts have condoned a factfinder's use of the Pythagorean Theorem, but only where there existed reliable evidence of a right angle and the measurements of the two shorter sides of the triangle were sufficiently reliable and precise, based on admitted evidence"); Sam v. State , 842 P.2d 596, 600 (Alaska Ct. App. 1992) (holding that rational factfinder could use Pythagorean Theorem to infer direct distance where factfinder had reliable information to use in formula because it "is hardly an exotic equation" and "falls well within the realm of knowledge and experience that is common to many ordinary people"); People v. Harre , 155 Ill.2d 392, 396-97, 614 N.E.2d 1235, 1238, 185 Ill.Dec. 550 (1993) (concluding that lower appellate court erred by relying on Pythagorean Theorem to determine distance where record contained only estimates of officers who had not measured distances; explaining that "[m]athematical theories and formulas are only as accurate as the measurements on which they are based and are completely reliable only if precise measurements are available"); but see State v. Jones , 140 Wash.App. 431, 434-38, 166 P.3d 782, 784-85 (2007) (suggesting that it may not be permissible for factfinder to rely on Pythagorean Theorem without testimony about its application; explaining that "[t]here are Global Positioning Systems (GPS), hard copy maps, digital maps, pedometers, satellite imaging, and numerous other measuring devices that can be used to establish distance beyond a reasonable doubt. None of these technologies was used here.").