LAGESEN, P. J.
*633 The Supreme Court has remanded this case to us, in which defendant challenges the denial of his motion for judgment of acquittal on the charge of attempted first-degree theft, for reconsideration in light of its recent decision in State v. Fonte , 363 Or. 327, 422 P.3d 202 (2018). State v. Meyer , 363 Or. 744, 430 P.3d 561 (2018) ( Meyer II ). For the reasons that follow, on review for legal error, State v. Miller , 289 Or. App. 353, 357, 413 P.3d 999 (2017), we conclude that, under Fonte , the trial court erred when it denied defendant's motion. We therefore reverse.
*830 Except as otherwise noted, the pertinent facts are not disputed. On the afternoon of December 12, 2014, FedEx delivered 17 boxes to the North Face store in northwest Portland. One box containing three garments-a girl's jacket and two infant jackets-went missing. About an hour after the box disappeared, defendant came into the store with the three jackets and attempted to exchange them.[1] The store manager contacted police, who arrested defendant.
Defendant was charged with one count of second-degree theft (Count 1) and one count of attempted first-degree theft (Count 2). Count 1 was predicated on the state's theory that defendant was the person who had taken the jackets in the first place. Count 2 was predicated on the theory that defendant attempted to commit first-degree theft by receiving by "selling" when he attempted to exchange the stolen jackets.[2]
*634 Defendant elected to be tried by a jury. At trial, defendant moved for a judgment of acquittal on Count 2 on the ground that there was insufficient evidence that defendant had attempted to dispose of the jackets by "selling" them within the meaning of ORS 164.055(1)(c). In particular, defendant argued that returning the jackets to the store, even had he succeeded, would not constitute the "selling" of the jackets for purposes of ORS 164.055(1)(c). The trial court denied the motion, reasoning that "exchanging something for store credit instead of cash is selling under ORS 164.055(1)." The jury acquitted defendant on Count 1, but convicted on Count 2.
Defendant appealed, assigning error to the trial court's denial of his motion for judgment of acquittal. He reiterated his argument that returning or exchanging an item does not constitute "selling" under ORS 164.055(1)(c). Consistent with our decisions in several cases presenting the same legal issue, including State v. Fonte , 285 Or. App. 653, 402 P.3d 784 (2017), itself, we affirmed without opinion. State v. Meyer , 287 Or. App. 887, 403 P.3d 812 (2017) ( Meyer I ). Following its decision in Fonte , the Supreme Court allowed review of our decision in Meyer I , vacated it, and remanded the case to us for reconsideration in light of Fonte . Meyer II , 363 Or. 744, 430 P.3d 561.
In view of Fonte , we now conclude that the trial court erred when it denied defendant's motion for judgment of acquittal. At issue in Fonte was whether the defendant had committed theft by receiving by "selling" for purposes of ORS 164.055(1)(c) when, on two separate occasions, he took a pair of jeans from a store's sales floor and exchanged the jeans for cash after leading the cashier to believe that he had previously purchased the jeans from the store. Fonte , 363 Or. at 329, 422 P.3d 202. After considering arguments echoing those presented by defendant and the state in this case, the Supreme Court concluded that the conduct did not constitute theft by receiving by selling. The court comprehensively reviewed the text, context, and legislative history of the theft statutes, and then explained that it "discern[ed] a legislative intent to make that elevated crime [of theft by receiving by selling] applicable to fences-dealers in the market for stolen goods." Id . at 347, 422 P.3d 202. Thus, the court determined:
*635 "[T]he legislature did not intend theft by receiving committed by selling to include a theft, such as that committed in this case, that is both committed by an initial thief and committed by fraudulently returning property to its owner in accordance *831 with the owner's return policy rather than selling that property to a third party in the market for stolen goods. *** [B]ecause defendant was the initial thief and because he returned the property to its owner, rather than selling it to a third party in the market for stolen goods, that crime is not punishable as a felony under ORS 165.055(1)(c)."
Id . at 348, 422 P.3d 202.
The Supreme Court's decision in Fonte appears to rest in part on the fact that the defendant in that case was the initial thief, something that is not the case here; the jury acquitted defendant on Count 1, the charge predicated on the state's theory that defendant was the initial thief. However, as we understand Fonte , it rests equally on the proposition that the return of property to its owner does not constitute disposing of the property by "selling" within the meaning of ORS 164.055(1)(c). In particular, given the court's emphasis on the apparent legislative intent to target fences who sell stolen goods to third parties, we understand the Supreme Court to have construed the term "selling" in ORS 164.055(1)(c) to exclude the act of returning stolen property to its owner-the conduct attempted by defendant in this case. For that reason, defendant is entitled to entry of a judgment of acquittal on Count 2.
Reversed.

On appeal, defendant argues that there is insufficient evidence to support a finding that he was the person attempting to exchange the jackets. Defendant did not raise that issue below in any clear way. In fact, as the state points out, in his opening statement to the jury, defendant acknowledged that he had gone into the store to exchange the jackets.

ORS 164.015(5) explains that one way a person can commit theft is "theft by receiving as provided in ORS 164.095." Pertinent to this case, under ORS 164.095, "[a] person commits theft by receiving if the person *** disposes of property of another knowing or having good reason to know that the property was the subject of theft." ORS 164.095(1). Where the method of disposing of the property is by selling, theft by receiving constitutes first-degree theft: "A person commits the crime of theft in the first degree if, by means other than extortion, the person commits theft as defined in ORS 164.015 and *** [t]he theft is theft by receiving committed by *** selling." ORS 164.055(1)(c).