ORTEGA, P. J.
*817 This case is before us on remand from the Oregon Supreme Court. State v. Ellingsen , 363 Or. 744, 430 P.3d 561 (2018). Defendant was convicted of one count of first-degree theft, one count of second-degree theft, and one count of third-degree robbery, and we affirmed his convictions without written opinion. State v. Ellingsen , 288 Or. App. 384, 414 P.3d 485 (2017). Defendant filed a petition for review, challenging only the trial court's denial of his motion for judgment of acquittal on the charge of first-degree theft, and the Supreme Court remanded to us for reconsideration in light of State v. Fonte , 363 Or. 327, 422 P.3d 202 (2018). Ellingsen , 363 Or. 744, 430 P.3d 561. In reviewing this case for legal error, State v. Miller , 289 Or. App. 353, 357, 413 P.3d 999 (2017), we conclude that, given the court's holding in Fonte , the trial court erred in denying defendant's motion and, therefore, we reverse defendant's conviction for first-degree theft and remand for resentencing.
Defendant purchased several clothing items at a local Walmart. Later that day, he returned to that Walmart without those items, picked them out again, and attempted to return them with the old receipt he had obtained from purchasing the items earlier in the day. The cashier performed the return, and defendant received a cash refund of $74.56. On his way out, he was stopped by a store employee and, while he was being questioned by the employee, defendant admitted that he made a fraudulent return. He was charged with first-degree theft under ORS 164.055(1)(c), based on the theory that defendant sold the stolen property by exchanging it for money.
On appeal, defendant argues that the trial court erred in denying his motion for judgment of acquittal because there was insufficient evidence to prove that, under ORS 164.055(1)(c), he committed "theft by receiving" by "selling" stolen property, a felony under the statute. According to defendant, he could not have committed theft by receiving because the "act of returning property for a refund does not constitute 'selling' [of] that property." He contends that he was therefore entitled to acquittal as to his conviction for first-degree theft by receiving committed by "selling."
*818 In Fonte , the defendant was convicted of first-degree theft under ORS 164.055(1)(c), i.e. , "theft by receiving" committed by "selling," when he "took an item from a store's sales floor, approached a store employee at a cash register, and, giving the impression that he had previously purchased the item, 'returned' it for cash." 363 Or. at 329, 422 P.3d 202. In that case, the Supreme Court examined the text of ORS 164.055 (1)(c), together with its context and the legislative history, to conclude that
"the legislature did not intend theft by receiving committed by selling to include a theft, *** that is both committed by an initial thief and committed by fraudulently returning property to its owner in accordance with the owner's return policy rather than by selling that property to a third *829 party in the market for stolen goods. *** [B]ecause defendant was the initial thief and because he returned the property to its owner, rather than selling it to a third party in the market for stolen goods, that crime is not punishable as a felony under ORS 16[4].055(1)(c)."
Id. at 348, 422 P.3d 202.
The Supreme Court's decision in Fonte rests on facts that are like those here-defendant was the initial thief who fraudulently returned items for a cash refund-and thus we conclude that the trial court erred in denying defendant's motion for judgment of acquittal; we therefore reverse defendant's conviction and remand for resentencing. See State v. Meyer , 295 Or. App. 632, 435 P.3d 829 (2019) (on remand from the Supreme Court in light of Fonte , reversing defendant's first-degree theft by receiving conviction for attempting to exchange stolen items).
Conviction for first-degree theft reversed; remanded for resentencing; otherwise affirmed.