Argued and submitted March 16, 2017, affirmed November 6, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TRAVIS LEE ROSSITER,
*Defendant-Appellant.*

Linn County Circuit Court
13CR06278; A158973

454 P3d 1

In this companion case to *State v. Rossiter*, 300 Or App 44, 453 P3d 562 (2019), defendant was convicted of manslaughter in the first degree for not seeking medical care for his 12-year-old daughter, who died from untreated ketoacidosis. On appeal, defendant raises eight assignments of error, arguing that the trial court erred by (1) denying defendant's motion to disclose grand jury testimony; (2) permitting the state to introduce evidence that, as part of his religion, he avoided traditional medical care; (3) denying his motions to dismiss or suppress evidence from the state's experts based on an audio recording of the victim's autopsy being destroyed as a standard business practice; (4) denying defendant's motion for judgment of acquittal; (5) imposing the 120-month statutorily mandated sentence that, in defendant's view, is unconstitutionally disproportionate under Article I, section 16, of the Oregon Constitution; (6) allowing the state's expert witnesses to opine on the standard of care applicable to a person in defendant's position; (7) instructing the jury that it could return a nonunanimous verdict; and (8) accepting that nonunanimous verdict. *Held*: The trial court did not err in denying defendant's motions, imposing the statutorily mandated sentence, or instructing the jury on, and accepting, a nonunanimous verdict. Defendant's sixth assignment of error regarding expert testimony was not preserved and does not qualify as "plain" under ORAP 5.45.

Affirmed.

Daniel R. Murphy, Judge.

Andrew D. Coit argued the cause and filed the supplemental briefs for appellant. Also on the opening brief was Cohen & Coit, P.C.

Cecil A. Reniche-Smith, Assistant Attorney General, argued the cause for respondent. Also on the answering brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solictor General. On the supplemental brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Wilson, Senior Judge.

LAGESEN, J.

Affirmed.

Ortega, P. J., concurring in part, dissenting in part.

### LAGESEN, J.

This case is a companion to *State v. Rossiter*, 300 Or App 44, 453 P3d 562 (2019). As we recounted there, defendant and his wife were charged with manslaughter in the first degree for not seeking medical care for their 12-year-old daughter, S, who died from untreated ketoacidosis.[1] Following a joint trial, a jury found them both guilty. In *Rossiter*, we addressed defendant's wife's appeal of her conviction; this is defendant's appeal of his judgment of conviction for first-degree manslaughter. On appeal, he raises a total of eight assignments of error, three of which were raised in two separate supplemental briefs.

In all, defendant asserts that the trial court erred in the following respects: (1) by denying defendant's motion to disclose grand jury testimony; (2) by permitting the state, over defendant's OEC 403 and state constitutional objections, to introduce evidence that, as part of his religion, defendant avoided traditional medical care and looked to God to heal the body; (3) by denying defendant's motion to dismiss or, alternatively, defendant's motion to suppress evidence from the state's experts, Dr. Nicol and Dr. Nelson, based on the fact that Nelson, in the course of standard business practices, destroyed the audio recording of his autopsy of the victim; (4) by denying defendant's motion for judgment of acquittal; (5) by imposing the 120-month statutorily mandated sentence that, in defendant's view, is unconstitutionally disproportionate as applied to him, in violation of Article I, section 16, of the Oregon Constitution; (6) by permitting the state's three expert witnesses to opine directly on whether defendant's conduct was either a negligent or gross deviation from the standard of care applicable to a parent or caregiver in defendant's position; (7) by instructing the jury that it could return a nonunanimous verdict; and (8) by accepting a nonunanimous verdict on the charge of first-degree manslaughter. For the reasons that follow, we conclude that none of those contentions warrant reversal and, accordingly, affirm.

---

[1] Defendant and his wife were also each charged with second-degree manslaughter, a charge on which the jury returned a guilty verdict. That verdict merged with the verdict on the first-degree manslaughter charge.

        The facts underlying defendant's prosecution are set forth in our opinion resolving defendant's wife's appeal. *See Rossiter*, 300 Or App at 46. We therefore do not recount them here and turn directly to the task of resolving defendant's assignments of error.

        *Grand jury testimony.* In his first assignment of error, defendant challenges the trial court's denial of his motion *in limine* seeking disclosure of "all records of the testimony of witnesses before the Linn County Grand Jury which voted on the indictment in this case." In his memorandum supporting the motion, defendant narrowed his request, explaining that he was "seeking the grand jury testimony of all the witnesses the State intends to introduce at trial regarding the religious belief or practice of the Defendant." On appeal, defendant contends that his "statutory and federal constitutional rights were violated because the defendant presented a sufficient rationale to the trial court for the court to order the disclosure of Grand Jury records relevant to the religious practices or belief of the defendant."[2]

        We disagree. As for defendant's statutory claim, the state correctly points out that ORS 135.855(1)(c) precludes pretrial discovery of "[t]ranscripts, recordings or memoranda of testimony of witnesses before the grand jury, except transcripts or recordings of statements made by the defendant." ORS 135.855(1)(c). Defendant has identified no other statutory authority to support his pretrial request.[3] As for his constitutional claim, which is predicated on *Brady v. Maryland*, 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963), defendant has not made even the threshold showing necessary to require *in camera* review of the grand jury records,

___

        [2] Defendant does not contend that the trial court erred by failing to conduct an *in camera* review of the grand jury records to determine whether those records contained material to which defendant would be entitled. *See State v. Covington*, 291 Or App 514, 422 P3d 276, *rev den*, 363 Or 727 (2018). His contention is simply that he was entitled to the records.

        [3] ORS 132.220(1) authorizes a court to order the disclosure of grand jury testimony of a witness "for the purpose of ascertaining whether it is consistent with that given by the witness before the court," but does not, by its terms, authorize the disclosure of a witness's grand jury testimony *before* the witness has testified at trial (or at another proceeding subsequent to the grand jury proceeding).

let alone require disclosure. As we explained in *State v. Covington*, 291 Or App 514, 517, 422 P3d 276, *rev den*, 363 Or 727 (2018), a defendant requesting a trial court to conduct an *in camera* review of grand jury records for *Brady* material must "make a threshold showing that it is reasonable to believe that the records for which review is sought contain evidence of sufficient import to the defendant's guilt to require disclosure of the evidence to the defendant." Here, defendant did not supply any explanation to the trial court that would make it reasonable to think that any grand jury witness had testified to the grand jury about defendant's religious beliefs in a way that was exculpatory. Although defendant urged the trial court to conclude that the grand jury testimony might be useful to impeach those trial witnesses who testified before the grand jury, defendant identified no facts that would make it reasonable to think that any particular witness would alter his or her testimony between the grand jury proceedings and trial. Defendant therefore has shown no error in the trial court's denial of his pretrial motion for discovery of grand jury testimony.

*Evidence of religious beliefs.* Defendant next assigns error to the trial court's admission of evidence of his religious beliefs over his objections that the admission of the evidence was contrary to OEC 403, and also contrary to his rights under the religion provisions of the Oregon Constitution, Article I, sections 2 and 3.[4]

Defendant's OEC 403 arguments parallel those that we rejected in our earlier decision in *Rossiter* and we reject them for the same reasons. *See Rossiter*, 300 Or App at 58-60.

As for defendant's arguments under Article I, sections 2 and 3, they are foreclosed by *State v. Brumwell*, 350 Or 93, 249 P3d 965 (2011), *cert den*, 565 US 1124 (2012). In *Brumwell*, the Supreme Court held that evidence of a

_____

[4] Article I, section 2, provides:

"All men shall be secure in the Natural right, to worship Almighty God according to the dictates of their own consciences."

Article I, section 3, provides:

"No law shall in any case whatever control the free exercise, and enjoyment of religious opinions, or interfere with the rights of conscience."

criminal defendant's religious beliefs, when relevant to prove motive, is admissible and does not violate the defendant's rights under Article I, section 2 or section 3, at least where the defendant does not contest the trial court's authority to admit evidence of motive and does not contend that "we should craft an exception for religiously motivated crimes from the neutral rule that evidence of a defendant's motives for committing crimes is generally relevant and admissible." *Id*. at 108-09; *see also State v. Hickman*, 358 Or 1, 25, 358 P3d 987 (2015) ("As we stated in *Brumwell* and reiterate in this case, parties who present an as-applied challenge to a generally applicable and neutral law must make 'an individual claim to exemption [from that law] on religious grounds.'" (Quoting *Brumwell*, 350 Or at 108 (brackets in *Hickman*.)).

Here, as in *Brumwell*, defendant does not argue that the trial court lacked authority to admit evidence of motive and also has not claimed that he is entitled to a religious exemption from "the neutral rule that evidence of a defendant's motives for committing crimes is generally relevant." 350 Or at 109. Instead, his argument, as we understand it, is that admitting the evidence created the unfairly prejudicial risk that the jury convicted him based on its evaluation of whether his religious beliefs were reasonable. That argument does not explain why defendant might be entitled to an individual religious exemption from the otherwise applicable neutral rules of evidence. Accordingly, defendant has not demonstrated that the court's admission of evidence of his religious beliefs violated his rights under the religion provisions of the Oregon Constitution.

*Destruction of autopsy report.* As a matter of standard practice,[5] Nelson, who conducted S's autopsy, destroyed the audio recording of his observations during the autopsy after he completed his written report. Defendant moved to dismiss all the charges based on the destruction of the audio. Alternatively, he requested that the trial court suppress testimony by Nelson and another of the state's experts, Nicol. The court denied the motion in all respects. On appeal,

---

[5] The trial court found as a matter of fact that the destruction of the tape was part of the "standard operating practice in the profession." Defendant does not challenge that factual finding.

defendant assigns error to the denial of his motion. Although defendant acknowledges that the destruction of the audio recording was not the product of bad faith, he contends that he adequately demonstrated that the destroyed tape contained favorable evidence that would not be reasonably available to him by other means, entitling him to some form of remedy—dismissal or suppression—under *State v. Zinsli*, 156 Or App 245, 966 P2d 1200, *rev den*, 328 Or 194 (1998).

But, under *Zinsli*, "the defendant must show that the claim of favorableness is genuine, not speculation." 156 Or App at 252. Although defendant points to the fact that there are some inconsistencies between the written autopsy report and some of the photographs of S's body, defendant does not explain how those inconsistencies provide a non-speculative basis for concluding that the audio recording contained evidence favorable to the defense. Rather, defendant simply argues that the inconsistencies suggest that Nelson's "observations were subject to reasonable alternative interpretation," making it critical for the defense to have access to the original audio recording. Although it is understandable why the defense would want access to the audio recording to conduct its own analysis, that does not equate to a nonspeculative showing that the audio contained favorable information. Defendant again has not demonstrated error in the trial court's challenged ruling.

*Motion for judgment of acquittal*. In the fourth assignment of error, defendant contends that the trial court erred in denying his motion for judgment of acquittal on the counts of first-degree manslaughter and second-degree manslaughter. Specifically, he contends that the evidence was insufficient to support a finding that he acted (or failed to act) with the requisite mental state for each of those offenses: recklessness for first-degree manslaughter, ORS 163.118(1)(c)(B), and criminal negligence for second-degree manslaughter, ORS 163.125(1)(c)(B).

On review of a denial of a motion for judgment of acquittal, we view the record in the light most favorable to the state and review to determine whether a rational trier of fact could have made the required findings beyond a reasonable doubt. *State v. Miller*, 289 Or App 353, 357,

413 P3d 999 (2017). Considering the record under that standard, we conclude that the evidence was sufficient to permit a rational factfinder to find that defendant had the mental state required for each charge. Defendant was not entitled to entry of a judgment of acquittal.

*Proportionality of sentence under Article I, section 16.* In his fifth assignment of error, defendant asserts that the trial court erred in rejecting his proportionality challenge to the statutory 120-month sentence applicable to first-degree manslaughter. We reject that contention for the same reason that we did in *Rossiter*. *Rossiter*, 300 Or App at 60-63.

*Testimony by experts.* In his first supplemental assignment of error, defendant contends that the "trial court erred by allowing the state to introduce inadmissible expert opinion evidence regarding defendant's culpable mental state." That assignment of error, which is unpreserved, is the same claim of error raised in the first four assignments of error in *Rossiter*. *See Rossiter*, 300 Or App at 52. There, over a dissent, we reasoned that the alleged errors, which defendant's wife also failed to preserve, did not qualify as "plain" under ORAP 5.45, so as to allow for plain-error review. *Rossiter*, 300 Or App at 54-58; *see also id.* at 66-68 (Ortega, P. J., dissenting). We reject defendant's first supplemental assignment of error for the same reason: It is unpreserved and does not meet the requirements for plain-error review.

*Nonunanimous jury verdict issues.* In his second and third supplemental assignments of error, defendant contends that the trial court plainly erred when it instructed the jury that it could return a nonunanimous verdict and also plainly erred when it received a nonunanimous verdict on the first-degree manslaughter charge. Defendant contends that the Sixth and Fourteenth Amendments to the United States Constitution require unanimous jury verdicts. We reject those arguments on the merits without further discussion. *See State v. Gerig*, 297 Or App 884, 886 n 2, 444 P3d 1145 (2019) (taking that approach).

Affirmed.

**ORTEGA, P. J.,** concurring in part, dissenting in part.

For the reasons I expressed in *State v. Rossiter*, 300 Or App 44, 453 P3d 562 (2019) (Ortega, P. J., dissenting), I again agree with the majority that defendant's challenge to the admission of the expert testimony is not preserved, but conclude that the trial court's admission of the testimony of experts Nelson and Nicol was plain error, and I would exercise discretion to correct that error. I agree with the majority opinion in all other respects, but would reverse on that basis.

Accordingly, on that ground only, I dissent.